Rayminh L. Ngo (SDNY #4834)
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8331
(714) 597-6559 facsimile
rngo@higbeeassociates.com

*Counsel for Plaintiff,*
DAVID MCGLYNN

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID MCGLYNN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INVESTINGCHANNEL, INC.; and DOES 1 through 10 inclusive,<br><br>　　　　　　　　Defendants. | Case No. 1:20-cv-1795<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, David McGlynn ("McGlynn" or "Plaintiff"), for his complaint against INVESTINGCHANNEL, INC., and DOES 1 through 10, inclusive (collectively "Defendants"), alleges as follows:

///

///

///

1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendants conduct business and/or reside within the State of New York, Defendants' acts of infringement complained of herein occurred in the State of New York, and Defendants has committed the tortious act of infringement causing injury to a person within the state of New York. *See* N.Y.C.P.L.R. § 302 (2003).

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside and have a regular and established business in this judicial district.

## PARTIES

5. Plaintiff David McGlynn ("Plaintiff" or "McGlynn") is a professional photographer by trade residing in the City of New York in the State of New York.

6. Defendant InvestingChannel, Inc. ("Defendant") is a Delaware

corporation headquartered in New York City.

7. On information and belief, Defendants own and operate the website https://investingchannel.com/ (the "Website"). A true and correct screenshot for the Website's "Privacy Policy" page is attached hereto as Exhibit A as proof of ownership.

8. On information and belief, Defendants leverages its Website to sell advertising. Defendants also utilize Google Adsense to generate revenue. The Defendants claim to reach 25 million users. A true and correct screenshot for the Website's "About Us" page is attached hereto as Exhibit B to explain how the Website generates revenue through advertising and publishing content.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

10. For the purposes of this Complaint, unless otherwise indicated,

"Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

11. Plaintiff David McGlynn is a professional photographer by trade. McGlynn has licensed or sold his photographs to dozens of major media outlets such as The New York Post, The New York Times, WIRED, Forbes, ESPN, Money, Newsweek, and Vibe.

12. McGlynn is the sole author and exclusive rights holder to a photograph of an Apartment Building in Manhattan ("Apartment Building in Manhattan Image"). A true and correct copy of the original Apartment Building in Manhattan Image is attached hereto as Exhibit C.

13. McGlynn registered the Apartment Building in Manhattan Image with the United States Copyright Office under registration number VA 2-036-448.

14. The Apartment Building in Manhattan Image originally appeared in an article featured by the New York Post ("Post") on March 1, 2017, titled *'Depressed' Wall Street Exec Jumps to his Death* ("Post Article"). A true and correct copy of the Post Article is attached hereto as Exhibit D.

15. The Post Article included a credit below the bottom left corner of the image attributing the image to McGlynn. *See id.*

4

16. On or about October 1, 2018, McGlynn discovered that Defendants had used the Apartment Building in Manhattan Image in an article on its Website titled *Prominent Hedge Fund Trader Jumps to His Death in Manhattan* (the "Infringing Article"). A true and correct screenshot of the Infringing Article is attached hereto as Exhibit E.

17. The infringing use occurred on or after March 1, 2017.

18. The Infringing Article provided no credit to McGlynn for the Apartment Building in Manhattan Image.

19. On information and belief, Defendants made an unauthorized copy of McGlynn's Image taken from the Post Article, because the subject matter of the article was the same as the Post Article, it is clear that the image was taken from the New York Post Article.

20. Plaintiff never authorized Defendants to use the Apartment Building in Manhattan Image in any manner.

21. On information and belief, Defendants knew that they did not have permission to use the Apartment Building in Manhattan Image on Defendant's Website and willfully infringed McGlynn's Apartment Building in Manhattan Image.

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
# 17 U.S.C. § 101 *et seq*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Apartment Building in Manhattan Image.

24. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendants' Website.

25. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

26. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. On information and belief, Defendants knew that Plaintiff created the Apartment Building in Manhattan Image because, *inter alia*, the source of the Apartment Building in Manhattan Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

30. Defendants intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendants purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendants either owned the Image or had legitimately licensed it for use in the Infringing Article.

31. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

32. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

33. Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image.

34. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

35. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendants for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), or, alternatively at Plaintiff's election, for actual damages and disgorgement of profits, under 17 U.S.C. §504(a)(1);

- For statutory damages against Defendants pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation

of 17 U.S.C. § 1202;

- For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: February 28, 2020                             Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY #4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, David McGlynn, hereby demands a trial by jury in the above matter.

Dated: February 28, 2020                                  Respectfully submitted,

 

                                        **/s/ Rayminh L. Ngo**
                                        Rayminh L. Ngo, Esq.
                                        SDNY# 4834
                                        **HIGBEE & ASSOCIATES**
                                        1504 Brookhollow Dr., Ste 112
                                        Santa Ana, CA 92705-5418
                                        (714) 617-8350
                                        (714) 597-6729 facsimile
                                        *Counsel for Plaintiff*